The Honorable Steve Higginbothom State Senator Post Office Box 242 Mariana, AR 72360
Dear Senator Higginbothom:
I am writing in response to your request for an opinion on the following:
 I am requesting an opinion on a chief constable appointing auxiliary or reserve officers in his township.
 1. Does [Act 757 of 1983, § 11] outline that a constable may appoint an auxiliary officer?
 2. What is the limit or number of auxiliary officers a township may have working under the direct supervision of a full time certified law enforcement officer?
 3. Would the reserve officers be able to work security on a countywide basis and serve process throughout the county [under A.C.A. § 16-19-503] at the direction of the chief constable?
 4. Would the auxiliary officers only have full police powers in that township that appointed them?
RESPONSE
With respect to your first question, it is my opinion that Act 757 of 1983, codified at A.C.A. § 12-9-301 through -308, does not grant constables the authority to appoint auxiliary law enforcement officers. With respect to your remaining questions, as I noted above, a constable may not appoint auxiliary officers rendering these questions moot.
Question One: Does Section 11 of Act 757 of 1983 empower constables toappoint auxiliary officers?
No. In my opinion, a constable is not a law enforcement officer invested by Act 757 of 1983 with the authority to appoint auxiliary officers.
Act 757 of 1983, codified at A.C.A. §§ 12-9-301 through -308 (Repl. 1999), was enacted to provide statutory guidance and oversight for auxiliary or reserve officers appointed by law enforcement agencies throughout the state. This subchapter of the Arkansas Code governs the authority, A.C.A. § 12-9-303 (Repl. 1999), the appointment, A.C.A. §12-9-304 (Repl. 1999), the number, A.C.A. § 12-9-306 (Repl. 1999), and the benefits, A.C.A. § 12-9-307(Repl. 1999) of auxiliary law enforcement officers.
Section 11 of Act 757 is the emergency clause and was not subsequently codified. It reads:
 SECTION 11. EMERGENCY. It is hereby found and determined by the General Assembly that the use and authority of persons appointed by the law enforcement agency director, chief or sheriff and who are known by such terms as voluntary, auxiliary, reserves, voluntary officers, mounted patrol, etc., are important to the health safety and welfare of the people of this State. There is no statutory authority to regulate the appointment and training, the supervision or the authority of the auxiliary law enforcement officer. Therefore, an emergency is declared to exist and this Act being necessary for the protection of the public peace, health and safety, shall be in full force and effect from and after its passage and approval.
Act 757 of 1983, § 11 (emphasis added). A court will not resort to interpreting the emergency clause of an act unless the act is ambiguous.See, e.g. Op. Att'y Gen. 99-070 (citing Quinney v. Pittman,320 Ark. 177, 895 S.W.2d 538 (1995)). It is first appropriate, therefore, to review the substantive provisions of the law prior to any analysis of the emergency clause. The codified Act provides the following pertinent definitions:
As used in this subchapter, unless the context otherwise requires:
 (1) "Law enforcement officer" means any appointed law enforcement officer or sheriff who is responsible for the prevention and detection of crime and the enforcement of the criminal, traffic, or highway laws of this state;
* * *
 (4) "Political subdivision" means any county, municipality, township, or other specified local unit of general government;
* * *
 (6) "Law enforcement agency" means any police force or organization
whose primary responsibility as established by statute or ordinance is the enforcement of criminal, traffic, or highway laws of this state[.]
A.C.A. § 12-9-301 (Repl. 1999) (emphasis added). A constable is a peace officer elected by township and does not appear to fall within the highlighted definitions. See, e.g. Ark. Const. Art. 7, § 47; A.C.A. §§16-19-301 through -306 (Repl. 1999); Reed v. State, 330 Ark. 645, 650,957 S.W.2d 174 (1997); and Op. Att'y Gen. 2001-355. A constable is not generally "appointed" under the definition of "law enforcement officer" set out above. Neither is a constable a "sheriff" under this definition. Similarly, a constable does not fit easily into the definition of a "law enforcement agency" as a "police force or organization."
The applicable definition of "political subdivision," however, includes a township. "Political subdivisions" are given authority to appoint auxiliary law enforcement officers, as follows:
 Recognizing the need for limiting the number of auxiliary law enforcement officers in this state, a political subdivision is given the authority to appoint auxiliary law enforcement officers[.]
A.C.A. § 12-9-306(a)(1). The applicable subchapter also authorizes political subdivisions to 1) request a greater number of auxiliary officers from the Arkansas Commission on Law Enforcement Standards and Training than is generally allowed under A.C.A. § 12-9-306(a)(1) (A.C.A. § 12-9-306(a)(2)); 2) elect to include the auxiliary law enforcement officers in the workers compensation system (A.C.A. § 12-9-307(a)); and 3) provide liability insurance and other incidental benefits (A.C.A. §12-9-307(c)).
In my opinion, the subchapter is ambiguous with respect to a township's ability to appoint auxiliary law enforcement officers. A township is a political subdivision that appears "to have little remaining efficacy save for the election of constables and the operation of certain `wet/dry' `local option' statutes." Op. Att'y Gen. 98-313, fn. 1 (citations omitted). While townships are listed as political subdivisions in the act, actions that may be taken by the political subdivisions would seem to preclude the inclusion of a township in the functioning of the act. As noted above, language in the substantive provisions of the Act does not seem to contemplate township action. Specifically, the political subdivision's authority under the subchapter to choose to include workers compensation or other benefits and the authority to request additional auxiliary officers do not seem to be consistent with the powers of a township. There is no decision making body or authority for a township that would be in a position to make these decisions or authorize payment for them. Because of this ambiguity, it is permissible to look to the emergency clause of the Act to guide the determination of legislative intent. See, e.g. Heath v. Westark Poultry Processing Corp.,259 Ark. 141, 531 S.W.2d 953 (1976); and Quinney v. Pittman, 320 Ark. 177,895 S.W.2d 538 (1995).
The emergency clause specifies that the General Assembly was concerned with the importance of the appointment of auxiliary or reserve officers by "law enforcement agency director[s], chief[s] or sheriff[s]." Act. 757 of 1983, § 11. It is axiomatic that a constable is not a sheriff. Neither is a constable a "law enforcement agency" under the Act as the office of Constable is neither a police force nor an organization but a singular position.
I am bolstered in my conclusion that a constable may not appoint auxiliary law enforcement officers by an opinion of one of my predecessors. When presented with the specific question of whether a constable could "form an auxiliary or reserve unit," my predecessor opined that rather than appoint auxiliary or reserve constables, a constable was only empowered under the law at the time to appoint deputy constables. Op. Att'y Gen. 77-17. Since then, Ark. Stat. Ann. § 26-207, as codified at A.C.A. § 16-19-306, has been amended to read, "Constables in the various townships in this state shall have no authority to appoint deputies." A.C.A. § 16-19-306 (Repl. 1999). It is my opinion, therefore, that a constable is not empowered to appoint auxiliary or reserve constables under Act 757 of 1983, codified as A.C.A. §§ 12-9-301 through -308 (Repl. 1999).
Question Two: What is the limit or number of auxiliary officers atownship may have working under the direct supervision of a full timecertified law enforcement officer?
As I noted above, it is my opinion that a constable may not appoint auxiliary officers. In light of this opinion, your question is moot.
Question Three: Would the reserve officers be able to work security on acountywide basis and serve process throughout the county at the directionof the chief constable?
As I noted above, it is my opinion that a constable may not appoint auxiliary officers. In light of this opinion, your question is moot.
Question Four: Would the auxiliary officers only have full police powersin that township that appointed them?
As I noted above, it is my opinion that a constable may not appoint auxiliary officers. In light of this opinion, your question is moot.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB: JMD/cyh